UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLINA BRANDS, LLC D/B/A RUTLAND,<br><br>Plaintiff,<br><br>v.<br><br>ESTONCE, INC D/B/A AMAZON SELLER ESTBUY TRADING,<br><br>Defendant. | Civil Action No. |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Carolina Brands, LLC d/b/a Rutland ("Plaintiff" or "Rutland") by and through its undersigned counsel, complains of Defendant Estonce, Inc. d/b/a Amazon Seller EstBuy Trading's ("Defendant") conduct and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1. Rutland seeks injunctive relief and monetary damages for Defendant's false advertising, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as related state law claims arising from Defendant's improper sale of Rutland's products, use of trademarks owned and used by Rutland, and unfair and deceptive business practices.

2. This case concerns Defendant's wrongful, unauthorized promotion and sale of Rutland's products (hereinafter, the "Rutland Products") through online commerce sites, including but not limited to, Amazon.com. As described more fully below, upon information and belief, Defendant sells Rutland Product of unknown origin in a scheme to deceive consumers into believing that Defendant's Rutland Products are the same as those sold by Rutland or its

Authorized Resellers. Specifically, Defendant falsely advertises to consumers on Amazon.com that the Rutland Products it offers for sale are "new" and, thus, protected by Rutland's warranty, when they are not.

3. Consumers are likely to be and have been actually confused by Defendant's sale of Rutland Products that are being falsely advertised as "new" products when they are, upon information and belief, used products not protected by Rutland's warranty.

4. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce, a likelihood of confusion and deception amongst consumers of Rutland Products, to the irreparable injury of Rutland.

5. As a result of Defendant's actions, Rutland is suffering a loss of the enormous goodwill that Rutland has created in the Rutland brands and Rutland Products, and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendant's false advertising, trademark infringement and unfair competition.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

7. This Court has supplemental jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction pursuant to Mass. Gen. Laws c. 223A § 3 because Defendant has sold, offered for sale, or otherwise distributed Rutland Products to residents of the Commonwealth and this District; because Defendant has caused tortious injury to Rutland within the Commonwealth and this District; because Defendant practices the unlawful conduct

complained of herein, in part, within the Commonwealth and this District; because the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth and this District; because Defendant regularly conducts business within the Commonwealth and this District; and because Defendant enters into sales contracts with residents of the Commonwealth and this District.

9. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## THE PARTIES

10. Plaintiff Carolina Brands, LLC d/b/a Rutland is a Delaware corporation with its principal place of business in Jacksonville, IL. Rutland markets a variety of products for fireplace, chimney, and stove maintenance.

11. Upon information and belief, Defendant Estonce, Inc. d/b/a Amazon Seller EstBuy Trading is a California corporation with its principal place of business in Clovis, California. Defendant does business or has done business and sold products, including Rutland Products, to consumers within the Commonwealth of Massachusetts and this District through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "EstBuy Trading" under the Amazon Seller ID A9PNVEYVLGW7N.

## FACTS

***Rutland's Trademark Usage***

12. The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks used with products for fireplace, chimney, and stove maintenance (hereinafter, the "Rutland Marks"). The Rutland Marks include, but are not limited to:

| Mark | Registration Number | Filing Date |
|---|---|---|
| RUTLAND | 1980340 | April 5, 1993 |
| RUTLAND PRODUCTS | 7922657 | May 16, 2023 |
| RUTLAND PRODUCTS | 8078988 | May 16, 2023 |
| RUTLAND TRUSTED SINCE 1883 | 7414312 | August 31, 2021 |
| RUTLAND TRUSTED SINCE 1883 | 7517772 | August 31, 2021 |

13. The Rutland Marks have been in continuous use since at least their respective dates of registration.

14. Rutland advertises, distributes, and sells its Rutland Products to consumers under the Rutland Marks.

15. Rutland has also acquired common law rights in the use of the Rutland Marks throughout the United States.

16. The federal trademark registrations for the Rutland Marks were duly and legally issued, are valid and subsisting, and constitute prima facie evidence of the validity of the Rutland Marks.

17. Rutland was founded in 1883 and its brand is 143 years old. Rutland has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Rutland Marks throughout the United States and the world. As a result of such advertising and promotion, Rutland has established substantial goodwill and widespread recognition in the Rutland Marks, and the marks have become associated exclusively with Rutland and its products by both customers and potential customers, as well as the general public at large.

18. To create and maintain such goodwill among its customers, Rutland has taken substantial steps to ensure that products bearing the Rutland Marks are of the highest quality. As a result, the Rutland Marks have become widely known and are recognized throughout the United States and the world as symbols of high-quality products.

19. As a result of, *inter alia*, the care and skill exercised by Rutland in the conduct of its business, the high quality of the goods sold under the Rutland Marks, and the extensive advertising, sale, and promotion by Rutland of its products, the Rutland Marks have acquired secondary meaning in the United States and the world, including this District.

***Rutland Products***

20. Rutland is recognized throughout Massachusetts, the United States, and the world as a leading manufacturer of products for fireplace, chimney, and stove maintenance.

21. Rutland sells its products to consumers through a nationwide network of exclusive and authorized resellers (“Authorized Resellers” and the “Authorized Resellers Network.”).

22. Only Rutland Products purchased from Rutland directly, or through an Authorized Reseller, qualify for Rutland’s warranty policies (the “Rutland Warranty”).

23. For example, the Rutland Warranty states:[1]

## Warranty Policy

Orders are usually shipped within 2-3 business days. Shipping charges are based on the weight and materials of the order and will be shipped using UPS. If you have an account with a specific shipping carrier and would like to use that, please call us at 800-544-1307 to place your order.

**PLEASE NOTE: Customers shipping to Canadian addresses are responsible for any additional delivery charges and/or service fees.**

Products purchased on www.rutland.com that have not been damaged or used may be returned within 30 days for a full refund. All other returns will be considered on a per order basis. Rutland Products reserves the right to limit returns regardless of receipt. Please call Rutland Products at 800-544-1307 in order to set up a return. Original shipping charges are not refundable and return shipping charges must be paid by the customer. Rutland Products is not responsible for returns until they are received by the manufacturing plant. For items purchased with a credit or debit card, refunds will be credited back to the card used for the original purchase. For items purchased with a check, refunds will be mailed via check.

All ***RUTLAND*** Products purchased directly from Rutland or a Rutland Authorized Reseller are covered by a minimum 12-month warranty. Products that are found to be defective within this time frame will be replaced or refunded at purchased price. Please contact the ***RUTLAND*** Customer Service Department at 800-544-1307 for specific product warranties.

By visiting this site, you are accepting the practices described in the ***RUTLAND*** Privacy Notice.

24. Through advertising and promotional efforts, customers throughout Massachusetts, the United States, and the world recognize the Rutland name and logo, upon which they rely for high-quality products and attentive customer service.

25. Rutland has invested and has expended significant time and effort in advertising and promoting its Rutland Products. As a result of such advertising and promotion, Rutland has established substantial goodwill and widespread recognition in the Rutland Products, which have become associated exclusively with Rutland and its products by both customers and potential customers, as well as the general public at large.

***Defendant's Infringing and Improper Conduct***

26. Rutland has never authorized or otherwise granted Defendant permission to sell

[1] *Available at*: https://rutland.com/pages/policies

Rutland Products. Defendant is not an Authorized Reseller of Rutland Products. Rutland has sent multiple correspondence directly to Defendant to communicate the lack of authorization and to cease and desist.

27. Despite this, Defendant is currently offering for sale and selling Rutland Products on various online commerce sites including, but not limited to, Amazon.com, using the seller name "EstBuy Trading."

28. The Rutland Products that Defendant offers for sale and sells online are falsely advertised as being in "new" condition.

29. By advertising and offering for sale Rutland Products as "new" on Amazon.com, Defendant is representing to consumers that the Rutland Products they purchase from Defendant are protected by the Rutland Warranty. However, only Rutland Products purchased directly from Rutland or an Authorized Reseller qualify for the Rutland Warranty. Rutland has never authorized Defendant to resell its products and Defendant is not an Authorized Reseller of Rutland Products. Therefore, the Rutland Products Defendant offers for sale and sells are not "new" and covered by the Rutland Warranty as advertised.

30. Further, upon information and belief, the Rutland Products that Defendant actually sells and delivers to consumers are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin. Such liquidated products have been purchased and sold once previously, are used and/or returned products, and may be in damaged condition, and therefore are used and not "new" as Defendant advertises.

31. Upon information and belief, Defendant purchases Rutland Product from return and liquidation stock, and therefore it is unaware of the condition or the prior chain of custody of the Rutland Product it sells. Therefore, all Rutland Products sold by Defendant are non-genuine

products.

32. The below is an example of Defendant's product listings advertising non-genuine Rutland Products:




33. Mystery buys have confirmed that despite advertising and offering for sale Rutland Products in "new" condition, the Rutland Products Defendant actually sells and delivers to customers are, upon information and belief, used and/or returned products or products bought at liquidation, rather than in "new" condition.

34. For example, one mystery buy purchased Rutland Fireplace Glass and Hearth Cleaner (2-(Pack)).

35. The mystery buy revealed that the Rutland Products came wrapped in an unbranded shrink wrap with an Amazon sticker, as shown below:




36. Defendant's advertisement of Rutland Products and use of the Rutland Marks provides customers with a false assurance that the products they purchase from Defendant conform with Rutland's high standards, when in fact they are receiving non-genuine Rutland Products.

37. Defendant intentionally advertises and sells Rutland Products in ways that are likely to deceive consumers and create consumer confusion.

38. Defendant's continued advertisement, display, and sale of Rutland Products on the Internet, including, but not limited to, Amazon.com, has harmed, and continues to harm, Rutland and its relationships with consumers and its Authorized Resellers.

***Likelihood of Confusion and Injury Caused by Defendant's Actions***

39. Defendant's actions substantially harm Rutland by placing falsely advertised, used and/or returned, and unwarranted Rutland Products into the stream of commerce in the United States.

40. Defendant's advertisement and sale of Rutland Products that are of unknown origin and non-genuine is likely to cause—and has caused—consumer confusion and disappointment

regarding Rutland's sponsorship or approval of those products.

41. Finally, Defendant's sale of Rutland Products without the corresponding Rutland Warranty is likely to cause—and has caused—consumer confusion and disappointment regarding Rutland's sponsorship or approval of those products.

42. Defendant's actions substantially harm Rutland and consumers who ultimately purchase Defendant's used and/or returned, unwarranted, and falsely advertised Rutland Products believing them to be "new" products protected by the Rutland Warranty, as they would receive from Rutland or an Authorized Reseller. Defendant's actions cause consumers to not receive the product as he or she intended.

43. Defendant's conduct results in consumer confusion as well as the dilution of Rutland goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

44. The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have complained about Defendant's false and misleading advertisements. For example, many customers leave feedback similar to the exemplars set forth below:

★☆☆☆☆ "~~Package was previously opened and (poorly) taped shut. I don't know if was used but it definitely was not in its original package. I returned it.~~"

By Craig Yamamoto on July 13, 2026.

**Message from Amazon:** This item was fulfilled by Amazon, and we take responsibility for this fulfillment experience.

★☆☆☆☆ "~~There were supposed to be two of these in package. Only received one.~~"

By Galen Johnston on June 23, 2026.

**Message from Amazon:** This item was fulfilled by Amazon, and we take responsibility for this fulfillment experience.

★☆☆☆☆ "~~Extremely poor packaging!~~"

By Steve B on May 13, 2026.

**Message from Amazon:** This item was fulfilled by Amazon, and we take responsibility for this fulfillment experience.

★☆☆☆☆ "~~Opening the poor packaging and it leaked all over the bottle that I had to throw it out!! Just awful!!!!~~"

By Linda Zimmer on April 29, 2026.

**Message from Amazon:** This item was fulfilled by Amazon, and we take responsibility for this fulfillment experience.

45. The sale of Rutland Products by unauthorized resellers, such as Defendant, interferes with Rutland's ability to control the quality of Rutland Products sold to consumers.

46. Defendant's conduct results in the lessening of sales of authorized and properly advertised Rutland Products to the detriment of Rutland.

47. As a result of Defendant's actions, Rutland is suffering the loss of substantial goodwill and widespread recognition in the Rutland brands and Rutland Products.

48. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Rutland irreparable harm.

## COUNT I
## False Advertising in Violation of 15 U.S.C. § 1125(a)

49. Rutland hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50. This is a claim for false advertising under 15 U.S.C. § 1125(a).

51. The Rutland Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Rutland's products and services.

52. Rutland engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Rutland Marks, throughout the United States.

53. By advertising or promoting products using the Rutland Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of their goods and services in violation of 15 U.S.C. § 1125(a).

54. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that falsely designate the origin of Defendant's goods and services, falsely represent sponsorship by, affiliation with, or connection to Rutland and its goods and services, and/or falsely represent the nature, qualities, and characteristics of the Rutland Products sold by Defendant in violation of 15 U.S.C. § 1125(a).

55. Defendant's advertisement and sale of Rutland Products as alleged herein constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125.

56. Defendant's advertisement and sale of Rutland Products as alleged herein intentionally misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and services. Specifically, Defendant's unauthorized advertisement and sale of Rutland Products intentionally misrepresents to consumers that Defendant's Rutland Products are "new" products protected by the Rutland Warranty.

57. Defendant's advertisement and sale of Rutland Products as alleged herein creates a false description and false designation of origin in violation of 15 U.S.C. § 1125, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Rutland's goodwill and reputation in the Rutland brands and Rutland Products, for which Rutland has no adequate remedy at law.

58. Defendant's advertisement and sale of Rutland Products to mislead and deceive consumers into believing that the Rutland Products sold by Defendant are "new" and covered by the Rutland Warranty demonstrates an intentional, willful, and malicious intent to trade on the

goodwill associated with the Rutland brands and Rutland Products, thereby causing immediate, substantial, and irreparable injury to Rutland.

59. As a direct and proximate result of Defendant's actions, Rutland has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless its conduct is enjoined, Rutland's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Rutland is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

60. Rutland is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

61. Rutland is entitled to a disgorgement of Defendant's profits received due to its conduct described herein pursuant to 15 U.S.C. § 1117.

## COUNT II
## False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a)

62. Rutland hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63. This is a claim for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

64. Rutland engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Rutland Marks, throughout the United States.

65. The Rutland Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Rutland's products and services.

66. By selling or distributing products using the Rutland Marks that are different from those sold by Rutland as alleged herein, Defendant is engaging in unfair competition, falsely

designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to Rutland and its goods and services in violation of 15 U.S.C. § 1125(a).

67. By advertising or promoting products using the Rutland Marks that are different from those sold by Rutland as alleged herein, Defendant is engaging in unfair competition via false advertisement of the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

68. Defendant's continued use of the Rutland Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

69. Defendant has used, and continues to use, the Rutland Marks to sell products that are different from those sold by Rutland in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Rutland's goodwill and reputation as symbolized by the Rutland Marks, for which Rutland has no adequate remedy at law.

70. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Rutland Marks, thereby causing immediate, substantial, and irreparable injury to Rutland.

71. By selling and advertising products under the Rutland Marks that are different from those sold by Rutland, Defendant is using the Rutland Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Rutland's

consent. Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Rutland and its goods and services in violation of 15 U.S.C. 1125(a). Accordingly, Rutland is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

72. As a direct and proximate result of Defendant's actions, Rutland has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless their conduct is enjoined, Rutland's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Rutland is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
## Violation of Business and Professions Code §§ 17200 et seq.

73. Rutland hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

74. The California Unfair Competition Law, codified at Business and Professions Code sections 17200, *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice.

75. Defendant's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of the California Business and Professions Code sections 17200, *et seq.*

76. Defendant's misconduct has a tendency and likelihood to deceive members of the public.

77. The foregoing acts and practices have caused substantial harm to Rutland.

78. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendant, Rutland has lost money and suffered injury in fact and damages in the form of lost sales revenue, fees, and other costs.

79. Defendant's conduct constitutes fraud, suppression, and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Rutland of property and/or legal rights or otherwise causing injury. Defendant's conduct subjected Rutland to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Rutland to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Defendant.

**WHEREFORE**, Rutland prays for judgment against Defendant as follows:

A. Finding that, (i) as to Count I, Defendant's false advertisement of Rutland Products constitutes false advertising, in violation of 15 U.S.C. § 1125(a); (ii) as to Count II, Defendant's unauthorized sale of Rutland Products constitutes a false designation of origin and unfair competition, in violation of 15 U.S.C. § 1125(a); and (iii) as to Count III, Defendant's actions constitute a violation of California law, resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

   i. Using or attempting to use, any of Rutland's intellectual property, including, but not limited to, the Rutland Marks;

ii. Advertising, selling, or taking any steps to sell, any products bearing the Rutland Marks in an improper manner;

iii. Engaging in any activity constituting unfair competition with Rutland; and

iv. Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B. Award Rutland its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 *et seq*,

C. Award Rutland Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 *et seq*.,

D. Award Rutland exemplary and punitive damages in an appropriate amount;

E. Award Rutland its reasonable attorneys' fees in bringing this action as allowed by law;

F. Award Rutland pre-judgment and post-judgment interest in the maximum amount allowed under the law;

G. Award Rutland the costs incurred in bringing this action; and

H. Award Rutland such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Rutland hereby requests trial by jury on all claims so triable.

By Its Attorneys,

*/s/ Morgan T. Nickerson*

Morgan T. Nickerson, Bar No. 667290
morgan.nickerson@klgates.com

K&L GATES LLP
1 Congress Street
Suite 2900
Boston, Massachusetts 02114-2023
Telephone: +1 617 261 3100
Facsimile: +1 617 261 3175

Dated: September 4, 2026